UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD B. KIRKWOOD,

       Plaintiff,

   v.                                                                22-CV-703-LJV
                                                                              DECISION & ORDER
BUFFALO & ERIE COUNTY NAVAL &
MILITARY PARK, *et al.*,

       Defendants.
_____

       On September 16, 2022, the *pro se* plaintiff, Edward B. Kirkwood, commenced this action against the Buffalo & Erie County Naval & Military Park ("Buffalo Naval Park") and Paul Marzello, a Buffalo Naval Park employee.  Docket Item 1.  He asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and the New York State Human Rights Law ("NYSHRL").  *Id.*

       After the defendants moved to dismiss the complaint on the ground that Kirkwood's claims are time barred, Docket Item 7, this Court determined that Kirkwood's claims were subject to dismissal but gave him leave to amend, Docket Item 21. Kirkwood then amended his complaint, Docket Item 22; the defendants moved to dismiss the amended complaint, Docket Item 24; Kirkwood responded to the second motion to dismiss, Docket Item 26; and the defendants replied, Docket Item 27. Kirkwood also moved to compel discovery.  Docket Item 29.

       For the reasons that follow, the defendants' motion to dismiss is denied and Kirkwood's motion to compel discovery is denied without prejudice as premature.

**BACKGROUND**

The Court assumes the reader's familiarity with the facts alleged in the original complaint, Docket Item 1, and recited in this Court's previous order, *see* Docket Item 21 at 2-5.[1]  It recounts the facts only to the extent necessary to explain its decision.

Kirkwood worked at Bufalo Naval Park from 1987 to May 2019.  Docket Item 1 at 10-13.  During his time there, he was subjected to "neglect, racism, and numerous other illegal and immoral practices."  *Id.* at 10.  Those incidents culminated in his termination on May 6, 2019.  *See generally* Docket Item 1.

Shortly after he was fired, Kirkwood contacted the EEOC.  *See* Docket Item 22 at 32; *see also* Docket Item 10 at 2.  He then completed Form 290A, a pre-charge inquiry, and "hand delivered" it to the Buffalo EEOC office on May 14, 2019.  Docket Item 10 at

---

[1] On a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).

Kirkwood's amended complaint, which is a collection of documents primarily related to his employment and health, contains few well pleaded allegations.  Docket Item 22.  Ordinarily, an amended complaint is intended to completely replace the prior complaint and thus "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).  But in light of Kirkwood's *pro se* status, the Court liberally construes the amended complaint as incorporating the allegations of the original complaint.  The Court therefore accepts the facts in both the original complaint and the amended complaint as true for purposes of this motion.  As it did previously, the Court also considers Kirkwood's charge of discrimination submitted to the United States Equal Employment Opportunity Commission ("EEOC"), his complaint submitted to the New York State Division of Human Rights ("NYSDHR"), and other documents from Kirkwood's interactions with the EEOC and NYSDHR.  *See* Docket Item 21 at 2 n.1 (citing *Zabar v. N.Y.C. Dep't of Educ.*, 2020 WL 2423450, at *2 n.4 (S.D.N.Y. May 12, 2020) (collecting cases finding that "a court may take judicial notice of the records and reports of [] relevant administrative bodies" in cases "where exhaustion of administrative remedies is a prerequisite to bringing suit")).

2. Once Kirkwood submitted the completed form, the EEOC "start[ed] to ignore [him]" and he "was told to keep in mind that the [EEOC] process takes time." *Id.*

In August 2021, Kirkwood filed a discrimination complaint with the NYSDHR, *see* Docket Item 7-4; Docket Item 13 at 7, and on December 16, 2021, he filed a charge of discrimination with the EEOC, *see* Docket Item 7-2. The NYSDHR and the EEOC both dismissed Kirkwood's claims as untimely, *see* Docket Item 7-3; Docket Item 7-5, after which he commenced this action, *see* Docket Item 1.

## LEGAL PRINCIPLES

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

### I.  FEDERAL CLAIMS

#### A.  This Court's Prior Decision

This Court previously determined that Kirkwood's federal claims probably were time barred because he did not file an administrative complaint "within 300 days of the allegedly discriminatory action," as is required to bring claims under Title VII, the ADEA,

and the ADA.  Docket Item 21 at 5-11; see *Gindi v. N.Y.C. Dep't of Educ.*, 786 F. App'x 280, 282 (2d Cir. 2019) (summary order).  More specifically, the Court noted that Kirkwood's August 2021 NYSDHR complaint was filed more than 300 days after he was fired in May 2019, and that all of the conduct about which Kirkwood complains "occurred before or when his employment was terminated."  Docket Item 21 at 6-7.  The Court also rejected Kirkwood's argument that his claims were timely based on his May 2019 submission of Form 290A to the EEOC.  *Id.* at 7-11 (collecting cases concluding that "Form 290A is not a formal charge of discrimination").  Finally, the Court determined that Kirkwood had not established that he was entitled to equitable tolling.  *Id.* at 11-14.

For all those reasons, this Court concluded that Kirkwood's claims appeared to be time barred.  But the Court gave him leave to amend his complaint to show "why his federal claims are not subject to dismissal."  *Id.* at 14.

### B.     The Second Motion to Dismiss

As this Court previously explained, timely exhaustion of Title VII, ADEA, and ADA claims is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."  *Id.* at 11 (quoting *Francis v. City of New York*, 235 F.3d 763, 767 (2d Cir. 2000)).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  "[E]quitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances."  *Id.* (alteration, citation, and internal quotation marks omitted).

The defendants argue that the documents included in Kirkwood's amended complaint do not plausibly "establish [that he is entitled to] equitable tolling." *See* Docket Item 24-1 at 4-5.  But—considering both Kirkwood's amended complaint and his response to the second motion to dismiss—this Court disagrees.[2]

In response to the second motion to dismiss, Kirkwood argues that he "did everything possible" to pursue his claims.  Docket Item 26 at 2.  The documents he has submitted support that contention.

First, Kirkwood submitted an affirmation from an attorney, Donald A. Alessi, who says that in May 2019, he "assisted . . . Kirkwood in the drafting of a [c]omplaint charging unlawful discrimination against [Buffalo Naval Park]." *Id.* at 7.  Alessi further affirms that on May 20, 2019, Kirkwood filed that complaint with the EEOC.  *Id.*  Alessi says that after that, he "continued to check with [] Kirkwood as to the status of said [c]omplaint and was repeatedly advised by [] Kirkwood that no response to the filing of [the] complaint had been received."  *Id.*  Kirkwood also submitted a screenshot of a July 2019 text message exchange between himself and Alessi in which Alessi asked, "What's going on with EEOC?" and Kirkwood answered, "I been waiting haven't heard anything eeoc [sic].  [S]orry for the delay."  *Id.* at 6.  That exchange suggests that Kirkwood submitted a complaint to the EEOC before July 2019, as Alessi affirms.

Additionally, Kirkwood's amended complaint includes a copy of a notarized statement by an individual named Arleen Garcia.  Docket Item 22 at 69.  Garcia states

---

[2] Normally, a court "will not consider [] factual allegations raised for the first time in a brief in opposition to a motion to dismiss."  *See Harrell v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 2019 WL 3817190, at *2 n.3 (S.D.N.Y. Aug. 14, 2019).  But in light of Kirkwood's *pro se* status—and in the interest of judicial economy—the Court makes an exception to that general rule here.

that she "witness[ed]" Kirkwood "hand in his [EEOC] charge at the Buffalo office" in May 2019; that Kirkwood met with an investigator named Rachel; that Rachel asked Kirkwood "if he wanted to file the charge"; and that Kirkwood answered affirmatively. *Id.* After that, Garcia says, Kirkwood repeatedly followed up with the EEOC but "got nowhere." *Id.* Garcia states that eventually, Rachel told Kirkwood that the EEOC "got rid of all [its] 2019 charges because [it was] overwhelmed with work," but that Rachel nevertheless was able to locate the date and charge number of Kirkwood's "original charge." *Id.*

Kirkwood's description of events—as relayed through Garcia's statement—is supported by one final document: an email sent by Kirkwood to an EEOC official stating that his "original charge number is 846[-]2019[-]16170." Docket Item 26 at 3. The format of that charge number is generally consistent with the format of the charge number in Kirkwood's December 2021 EEOC charge, 525-2022-00193, *see* Docket Item 7-2, suggesting that Kirkwood's "original charge number" is real.

At this early stage, and viewed in the light most favorable to Kirkwood, those facts raise a plausible inference that Kirkwood filed an EEOC complaint in 2019; that he repeatedly tried to pursue his claims; and that he was unable to successfully do so because the EEOC "drop[ped] the ball" and did not follow up with him. *See* Docket Item 26 at 2. In other words, the Court can reasonably infer that "(1) [Kirkwood] has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way." *See A.Q.C.*, 656 F.3d at 144.

For those reasons, Kirkwood has raised a plausible inference that he is entitled to equitable tolling. His federal claims therefore survive the defendants' second motion to dismiss.

## II.    NYSHRL CLAIMS

The Court previously informed Kirkwood that if his federal claims were dismissed, the Court would decline to exercise supplemental jurisdiction over his NYSHRL claims and those claims also would be dismissed. Docket Item 21 at 14-15. But Kirkwood's federal claims have not been dismissed, and the defendants do not otherwise argue for dismissal of Kirkwood's state law claims. *See* Docket Item 24-1. Kirkwood's NYSHRL claims therefore survive the second motion to dismiss.

## III.   MOTION FOR DISCOVERY

Kirkwood has moved "to compel [d]iscovery." Docket Item 29. Because the defendants have not yet answered the complaint, Kirkwood's motion is premature and therefore is denied without prejudice.

## **CONCLUSION**

For the reasons stated above, the defendants' second motion to dismiss, Docket Item 24, is DENIED, and Kirkwood's motion to compel discovery, Docket Item 29, is DENIED without prejudice as premature. The defendants shall answer the amended complaint within 30 days of the date of this order.[3]

---

[3] While the amended complaint is the operative pleading in this action, the defendants are reminded that the Court construes the amended complaint as incorporating the well pleaded allegations of the original complaint. *See supra* at n.1. The defendants answer therefore shall answer the allegations of the original complaint.

SO ORDERED.

Dated:  April 9, 2024
        Buffalo, New York

                                               */s/ Lawrence J. Vilardo*
                                               LAWRENCE J. VILARDO
                                               UNITED STATES DISTRICT JUDGE