UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD B. KIRKWOOD,

                                   Plaintiff,                    **DECISION AND ORDER**

v.                                                                1:22-cv-703-LJV-JJM

BUFFALO & ERIE COUNTY NAVAL &
MILITARY PARK, *et al.*,

                                   Defendants.

_____


In this *pro se* action, plaintiff Edward B. Kirkwood asserts claims of

discrimination, wrongful termination, and retaliation against defendants Buffalo & Erie County

Naval & Military Park and Paul Marzello under Title VII of the Civil Rights Act of 1964 ("Title

VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with

Disabilities Act of 1990 ("ADA"), and the New York State Human Rights Law ("NYSHRL").

Complaint [1]; Amended Complaint [22].[1]

Before the court are various "motions" filed by Kirkwood: a motion in limine

[74], a motion "of misconduct" [75], a motion for a protective order [78], and a "Request for

ADA Accomodations" [85]. This action has been referred to me by District Judge Lawrence J.

Vilardo for supervision of pretrial proceedings. [33]. Having reviewed the parties' submissions

[74, 75, 78, 81, 82, 83, 84], for the following reasons the motions are denied, without prejudice.

_____

[1]      Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF
pagination.

**DISCUSSION**

A.    **Motion in Limine [74]**

Kirkwood styles this submission a motion in limine, which is generally a pretrial motion for an evidentiary ruling. Kirkwood references certain recordings of a conversation with him and four other individuals provided by Nick Czerniejewski, which he claims have been altered to exclude racist diatribes by supervisors. [74] at 2, 4, 5.

Defendants respond that the referenced recording includes "highly inappropriate comments" by Kirkwood. [82] at 4. Defendants argue that Kirkwood's motion, presuming it seeks to exclude such evidence, is premature as discovery is not yet complete. Id. at 4-5. Kirkwood is free to explore the subject of the recording in depositions. Defendants further argue that there is no legal basis for exclusion, and that such evidence is relevant to the circumstances of Kirkwood's termination. Id. at 5-6. Therefore, I deny the motion as premature.

B.    **Motion "of Misconduct" [75]**

This motion contains no narrative, but Kirkwood attaches what appears to be email correspondence between himself and his attorney in his wage case, Rafael Gomez, as well as correspondence with the previous mediator in this case, Kenneth Manning, Esq. [75] at 2-12. I can only guess what the thrust of the motion was intended to be, but his email complains about delays attributable to the bankruptcy issue and Mr. Manning's change of position. Id. at 2.

Defendants respond that Kirkwood's motion is frivolous, that the court previously decided that there was no settlement, and the attached emails demonstrate no misconduct. [81] at 4, 6-8.  I agree with defendants and deny the motion.

C.    **Motion for Protective Order [78]**

In this motion, Kirkwood attaches what appears to be an AI-generated response to a question about an organization changing its bylaws during discovery. [78] at 2-3. He then attaches some email correspondence from June 2024 relating to a proposed change to the corporate structure of Buffalo & Erie County Naval & Military Park from voting membership to a "self-perpetuating board" form of governance. Id. at 5. I fail to see the relevance of these materials to this case.

Defendants again respond that Kirkwood's motion is frivolous, and that what Kirkwood is really seeking is a preliminary injunction preventing Buffalo Naval Park for modifying its internal voting processes. [83] at 4. They argue that Kirkwood has not established entitlement to such relief, or explained how this change would affect his claim. Id. They also argue that the motion is untimely because the issue arose almost a year and a half ago, and the changes were approved at the June 2024 annual meeting. Id. at 6-7. I again agree with defendants, and deny the motion.

D.    **Request for ADA Accommodations [85]**

Although this motion itself states that the applicant should "request specific, reasonable accommodations" for an alleged disability ([85] at 3), Kirkwood does not do so. Therefore, I deny the motion.

**CONCLUSION**

For these reasons, plaintiff's motions [74, 74, 78, 85] are denied, without prejudice.

-4-

Dated: November 17, 2025

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge