UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDWARD B. KIRKWOOD,

                         Plaintiff,                  **DECISION AND ORDER**

v.                                            1:22-cv-703-LJV-JJM

BUFFALO & ERIE COUNTY NAVAL &
MILITARY PARK, *et al.*,

                         Defendants.

---

In this *pro se* action, plaintiff Edward B. Kirkwood asserts claims of discrimination, wrongful termination, and retaliation against defendants Buffalo & Erie County Naval & Military Park and Paul Marzello under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and the New York State Human Rights Law ("NYSHRL"). Complaint [1]; Amended Complaint [22].[1]

Before the court are various motions filed by Kirkwood: a motion to compel [125], as supplemented [130]; a "Motion to Compel & Motion for Sanctions" [140]; a "Motion for a Protective Order" [143]; a "Motion to release funds" [146]; and a "Motion for relief from Judgment/Order" [149]. This action has been referred to me by District Judge Lawrence J. Vilardo for supervision of pretrial proceedings. [33]. Having reviewed the parties' submissions [125, 130, 131, 140, 143, 145, 146, 149], for the following reasons the motions are denied.

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

**DISCUSSION**

**A.      Motion to Compel [125]**

Kirkwood first filed a motion to compel, demanding responses to 20 interrogatories over defendants' objections. [125] at 2. Kirkwood argues that these responses are "important" because they concern interactions among employees and members of the board, as well as defendants' interactions with third-party sources hired to investigate Kirkwood's workplace misconduct. Id. Defendants objected to all 20 interrogatories on the basis of relevance, among other objections. [125] at 3-11.

On April 10, 2026, I ordered Kirkwood to file a supplemental memorandum explaining why the information sought is necessary and why defendants' objections were improper. [129]. On April 16, 2026, Kirkwood filed a supplemental memorandum. [130].

Defendants argue that the interrogatories seek irrelevant information that is not discoverable under Fed. R. Civ. P. ("Rule") 26, and that Kirkwood did not provide a plausible proffer of relevance. [131] at 4. I agree with the defendants that Kirkwood has failed to demonstrate relevance as required under Rule 26, and therefore deny the motion.

**B.      "Motion to Compel & Motion for Sanctions" [140]**

This motion appears to likewise request responses to Kirkwood's interrogatories over defendants' objections, and also seeks recovery of reasonable attorney's fees under Rule 37(a)(5), 37(b), and 37(d). [140] at 1.

Defendants respond that Kirkwood's motion is frivolous, his discovery motions find no support in law or fact, and that the motion simply rehashes arguments presented in his previously-filed motion to compel. [145] at 3. I agree with the defendants that the motion is

duplicative and does not present a new request for relief. [125] at 2; [140] at 1. I therefore deny the motion.

**C.    "Motion for Protective Order" [143]**

This motion alleges that defendants and defense counsel attempted to deliberately confuse Kirkwood at his deposition on March 27, 2026. [143] at 1. Kirkwood attaches a partial transcript of the deposition. [143] at 2-4. In my view, the transcript does not demonstrate an attempt by defense counsel to confuse Kirkwood – instead, it demonstrates a good faith effort by defense counsel to clarify the scope of Kirkwood's allegations and claims. In any event, the motion does not request relief from the court. Therefore, the motion is denied.

**D.    "Motion to Release Funds" [146]**

This motion contends that the contents of Kirkwood's March 27, 2026 deposition establishes that he and other black employees of defendants endured workplace discrimination, that defendants' reasons for his termination and denial of workers' compensation benefits and unemployment pay were pretextual, and that defendants are improperly withholding responses to his interrogatories. [146] at 1.

Although the motion is unclear, it appears to seek substantive relief. Rule 56(a) provides that a party seeking such relief bears the burden of demonstrating "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Kirkwood does not make the necessary evidentiary showing. Accordingly, the motion is denied, without prejudice to a properly supported motion for summary judgment at the appropriate time.

**E.    Motion for Relief from Judgment/Order [149]**

Kirkwood did not appear for oral argument on plaintiff's motions [125, 140, 143] held on June 8, 2026. Following the hearing, Kirkwood filed this motion for relief, claiming that he did not understand he was required to appear in person because he had previously appeared by phone. However, Kirkwood did not call in to the court's teleconference line or otherwise contact the court at the time of the proceeding. In any event, Kirkwood's absence had no effect on my resolution of the above motions, and thus the motion for relief is denied.

**CONCLUSION**

For these reasons, Kirkwood's motions [125, 140, 143, 146, 149] are denied. I further caution him that frivolous and duplicative filing of motions wastes the court and defendants' time and resources. In recognition of his *pro se* status, I will not impose sanctions at this time. However, he is hereby warned that he may be subject to sanctions if this practice continues.

Dated: July 7, 2026

/s/ Jeremiah J. McCarthy_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge

-4-