UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDWARD B. KIRKWOOD,

        Plaintiff,

    v.

BUFFALO & ERIE COUNTY NAVAL &
MILITARY PARK and PAUL MARZELLO,

        Defendants.

22-CV-703-LJV-JJM
DECISION & ORDER

---

Before the Court are several motions filed by the pro se plaintiff, Edward B.
Kirkwood, including a motion for summary judgment, Docket Item 89; three motions to
amend, Docket Items 91, 107, and 109; a motion to remand, Docket Item 100; and a
motion for sanctions, Docket Item 101.  For the reasons that follow, the Court denies all
six motions.

## MOTION FOR SUMMARY JUDGMENT

Kirkwood first moved for summary judgment.  Docket Item 89.  In response, the
defendants argue that the motion should be denied (1) as premature and (2) on the
merits.  Docket Item 98.  The Court agrees that the motion is premature and therefore
denies it on that basis, leaving the merits to another day.

"[C]ourts routinely deny motions for summary judgment as premature when
discovery over relevant matters is incomplete."  *Thompson v. N.Y. State Corrs. & Cmty.
Supervision*, 2023 WL 6499443, at *1 (W.D.N.Y. Oct. 5, 2023) (quoting *Toussie v.
Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016)).  Before summary

judgment can be granted, "[t]he nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (quoting *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)). "Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Id.* (collecting cases).

Here, not only is discovery incomplete, but despite the defendants' repeated efforts to take Kirkwood's deposition, he apparently has refused to appear for it. *See* Docket Item 98 at 17.[1]  It is hard to think of an item of discovery more crucial to a defendant than the plaintiff's deposition, and the defendant's inability to take that deposition alone is a reason to deny a motion for summary judgment.

The Court therefore denies Kirkwood's motion for summary judgment without prejudice as premature.  Kirkwood may refile a motion for summary judgment after discovery has been completed.

## MOTIONS TO AMEND

Kirkwood filed three motions to amend.  Docket Items 91, 107, and 109.  Each lacks merit and is denied.

Kirkwood says that he raises his first motion "under Rule 34," Docket Item 91 at 1 (some capitalization omitted), which this Court interprets as Rule 34 of the Federal Rules of Civil Procedure (Producing Documents, Electronically Stored Information, and

---

[1] Page numbers in docket citations refer to ECF pagination.

Tangible Things, or Entering onto Land, for Inspection and Other Purposes).  He then makes various allegations against the defendants, including that they "used clipped and altered recordings without [his] knowledge," Docket Item 91 at 3—an allegation that the defendants vehemently deny, *see* Docket Item 98-14 ¶ 23.

It is unclear what relief Kirkwood seeks.  To the extent that he wants these allegations considered in support of his case, he first needs to comply with his discovery obligations.  To the extent he seeks to amend his complaint at this late stage of the game, he needs to provide a legal basis to do so.  Either way, the motion as written does not provide a reason to grant any relief.  It therefore is denied without prejudice.

The other two motions ask to amend a "previous decision and order" and a "new decision and order."  Docket Items 107 and 109 (capitalization omitted).  Kirkwood attaches this Court's prior decision and order, Docket Item 30, and a decision and order by Judge McCarthy, Docket Item 88, to the motions.  The Court will construe these "motions to amend" as a motion for reconsideration of this Court's prior decision and order and an appeal of Judge McCarhty's decision and order.  Neither has merit.

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority."  *Van Buskirk v. United Grp. of Cos., Inc.,* 935 F.3d 49, 54 (2d Cir. 2019).  Thus, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Kirkwood's motion, in its entirety, states:

> IN GOOD CAUSE "YOUR HONOR"!   The Plaintiff "NO harm to the defendant" motion to amend pages#1-4. OF NEW DECISION AND ORDER. & PREVIOUS DECISION & ORDER motion to amend pages#1-8 together.

Docket Item 107 at 2.  This general allegation that there is "good cause" falls far short of the high bar for a motion for reconsideration.

With respect to Kirkwood's appeal of Judge McCarthy's decision and order, a district judge may reconsider a magistrate judge's non-dispositive order only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Kirkwood makes the same argument that there is "good cause" and "no harm to the defendant."  Docket Item 109 at 2 (capitalization omitted).  But that does not identify or establish any error, let alone clear error.  That motion therefore is denied as well.

### MOTION TO REMAND

Kirkwood also moved to remand this case to state court, Docket Item 100, but there is no basis for that request.  As the defendants observe, they did not remove this case to federal court; rather, Kirkwood chose to file it here, and the complaint raises "federal claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990."  *See* Docket Item 118 at 3-4 (emphasis omitted) (citing Docket Item 1).  This Court therefore has federal question jurisdiction over the case.  *See* 28 U.S.C. § 1331.

In support of his request for remand, Kirkwood says that he "lacks the skills for federal court"; that he cannot "find a private lawyer in federal court this late in the game"; that the "defendant's attorney [and] mediator had unclean hands due to a former

4

relationship creating the plaintiff[']s bankruptcy issue"; that the "defendants [and] their attorney attempted global settlement just to dismiss[] both cases on a technicality"; and that "[t]o save time [and] cost for both parties[, the case] should be remanded to the state court." Docket Item 100 at 2. The defendants contest the factual basis for many of these statements. *See* Docket Item 118 at 4. But even if what Kirkwood says is true, nothing he says is a reason to remand the case to state court.

The defendants also argue that because Kirkwood's motion is "frivolous," the Court should award them "their attorneys' fees and costs in responding to this application." *Id.* Although the Court agrees that there is no legal basis for Kirkwood's motion to remand, Kirkland is pro se, and the Court therefore declines to award fees.

## MOTION FOR SANCTIONS

Finally, Kirkwood had moved for sanctions under Federal Rule of Civil Procedure 11. Docket Item 101. The basis for the motion, which attaches various text messages and documents, is unclear. As the defendants observe, Kirkwood "does not even identify the 'pleading, written motion, or other paper' that is the subject of the motion, let alone explain how that pleading, written motion, or other paper violates the Rule." Docket Item 118 at 4 (internal citation omitted) (quoting Fed. R. Civ. P. 11(b)). The Court has reviewed the various documents Kirkwood submitted and sees no basis for sanctions.

The defendants again ask the Court to award attorney's fees and costs because "Kirkwood willfully failed to follow the rules." *Id.* at 5. Again, the Court declines to do so because of Kirkwood's pro se status. But the Court cautions Kirkwood—as did Judge McCarthy—"that frivolous and duplicative filing of motions wastes the court['s] and

5

defendants' time and resources," and "he may be subject to sanctions if this practice continues." *See* Docket Item 150 at 4.

## **CONCLUSION**

For all the reasons stated above, Kirkwood's motions for summary judgment, Docket Item 89; to amend, Docket Items 91, 107, and 109; to remand, Docket Item 100; and for sanctions, Docket Item 101, are DENIED.


SO ORDERED.

Dated:   July 22, 2026
         Buffalo, New York


                                    */s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE